## CENTRAL ACCEPTANCE CORP v MUNDY

Ohio Appeals, 2nd Dist, Montgomery Co

No 1145. Decided Jan 30, 1933

532

Marshall & Harlan, Dayton, for plaintiff in error.

Scharrer, Scharrer, McCarthy & Hanaghan, Dayton, for defendant in error.

ALLREAD, J.

A petition in error has been filed in this court. The case has been fully and elaborately argued by respective counsel. The record shows that Homer Gephart was the owner of the car, and on October 9, 1929, at Franklin, Warren County, Ohio, executed a note and chattel mortgage in favor of the Hudson-Essex Motor Sales Co. The ordinary affidavit was executed and is a part of this mortgage. This affidavit is signed by Erby Worley as agent of the mortgagee and the certificate shows that it was sworn to by Worley before S. D. Statler, notary public, Warren County, Ohio. There is also shown upon this mortgage an assignment to the Acceptance Corporation.

It is shown that the chattel mortgage was promptly filed of record. It is further shown that the automobile was thereafter sold and transferred to Mundy, the defendant in error by Worley, as agent. It is also asserted that at the time Mundy obtained this automobile the chattel mortgage above referred to was in effect and on file in the Recorder's office of Warren County, Ohio, and that it had been transferred to the Acceptance Corporation and was unpaid. On the trial Worley testified that the chattel mortgage was executed and that he as agent of the motor sales company signed in the blank space of the affidavit, that he delivered the mortgage in that form to his employee, Robinson, to take the papers, have them notarized, so that he, Worley, could then take them to the bank and get the money on them.

The testimony further shows that Worley at said time gave Robinson 25 cents to have this notarizing done, and the testimony shows that Statler signed the affidavit as notary public. Worley testifies that he was not sworn before Statler, although he admits signing his name at the various points on this chattel mortgage in the affidavit and assignment. The notary public, after the signing of the affidavit and before the trial of the action, died. His testimony is not therefore in the record.

There is but one question presented and that is as to the effect of the testimony of Worley that he did not swear to the affidavit. §8564 GC provides:

"The mortgagee, his agent or attorney, before the instrument is filed, must state thereon, under oath, the amount of the claim and that it is just and unpaid if given to secure the payment of a sum of money only."

The scope and construction of this section has been before the Supreme Court in numerous cases. We will refer to the leading and important cases.

In the **Gambrinus Stock Company v Weber, 41 Oh St, 669**, it is held in the syllabus that:

"In making the statement of the mortgagee required on a chattel mortgage, the agent of the corporation omitted to affix his name thereto. Underneath the statement was a certificate by a notary public duly signed and sealed which in effect stated that the statement was sworn to by the mortgagee before him.

"Held: That this verification is sufficient prima facie evidence and can only be overcome by evidence that the statement was not in fact sworn to by a proper agent of the corporation."

The case of **Benedict v Peters in the 58 Oh St,** holds that:

"The statement under oath required of the mortgagee under §4154 Revised Statutes, of the amount of his claim and that it is just and unpaid, must be made on the mortgage and authenticated by the signature of the officer administering the oath; and that where this is not done the mortgage is of no effect as a lien against the creditor of the mortgagor who has caused an execution to be levied upon the property."

In this case the officer had not certified as to the oath and it was shown in the evidence that the oath had not been administered. There was, therefore, total lack of one of the, essential elements required by the law, and it was held that this mortgage was defective. The case of- **Cross, Trustee v Carstens, 49 Oh St, 548,** goes farther than either one of the other cases. In the second syllabus' it is provided:

"Where, in order to comply with §4151 Revised Statutes, it is necessary to deposit a chattel mortgage, or a true copy, at the office of a county recorder, and also with the clerk of the township of the residence within the state of one of the mortgagors, the statute is not satisfied by depositing in one place the mortgage duly verified by the sworn statement of the mortgagee, and at the other a copy of the mortgage, with a copy of such statement endorsed thereon, but it is necessary that on each instrument so deposited, there should be an original sworn statement."

It will be noticed that the original mortgage and copy of the oath was properly filed with the county recorder, but in making up the copy to be filed with the clerk of the township a true copy of the mortgage was made up together with a true copy of the oath and filed in the clerk's office of the township. The Supreme Court held in this case that the law was not satisfied by filing a copy of the oath. An original oath was required to be attached to the copy filed in the clerk's office. We do not have any case exactly like the one under consideration, but considering the rulings of the Supreme Court upon the cases which have been presented to it, we reach the conclusion that it was competent for Worley to testify that he did not make the oath to the original mortgage. It is claimed that the agent of the mortgagee should not be permitted to testify that he did not make the oath in view of the regularity of the certificate upon which the plaintiff relied. Worley admits that he signed the statement and that he gave it to his employee, Robinson, with 25 cents and intrusted him to have the certificate notarized so as to have the mortgage cashed at the bank. The presumption is that this was done and that Robinson secured the signature of Statler, a notary public, to sign up and certify the fact that Worley had signed and sworn to the affidavit. The affidavit in that form, together with the chattel mortgage were negotiated, and it is claimed without any notice or knowledge of the fact as shown by the testimony of Worley that he did not make oath to the affidavit contained on the mortgage. This case goes some further than any other case to which our attention has been called. We find, however, in view of the strict manner in which the Supreme Court has construed these chattel mortgages we would be required to hold that Worley by his testimony and the findings of the jury and the judgment of the court had nullified the effect of the affidavit.

It is further claimed that this case is different from any other that has been decided by the Supreme Court in view of the fact that Worley became adversely interested to the Acceptance Company, the present holder of the mortgage, by the subsequent sale to Mundy, and that his present testimony tends to impeach one of the documents upon which the Acceptance Company acted. That Worley subsequently sold the automobile to Mundy and received full consideration therefor, and that Worley is therefore permitted to impeach the instrument which he had already negotiated to the acceptance company. We have given full consideration to the question and have reached the conclusion that in view of the narrow construction which

534

the Supreme Court has given to chattel mortgages and in view of its decision putting the burden of proving all the conditions upon which the chattel mortgage operates upon the party holding the mortgage, we reach the conclusion that the mortgage is invalid because of the failure of the agent of the mortgagee to actually swear to the mortgage. The Municipal Court and the Court of Common Pleas having so decided, it follows that the judgment of this court is required to sustain the judgment of the lower court.

Judgment affirmed.

HORNBECK and KUNKLE, JJ, concur.